**NICHOLAS M. WAJDA**
Nevada State Bar No. 11480
Law Offices of Nicholas M. Wajda, Esq
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY L. BANDUCCI,<br><br>Plaintiff,<br><br>v.<br><br>AARGON AGENCY, INC.,<br><br>Defendant. | Case No. 2:22-cv-00617<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes BARRY L. BANDUCCI ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of AARGON AGENCY, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the District of Nevada.

### PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing within the District of Nevada.

5. Defendant is a third party debt collector holding itself out as "a national leader in the debt collection industry."[1] Defendant is a corporation organized under the laws of the state of Nevada with its principal place of business located at 8668 Spring Mountain Road, Unit 110, Las Vegas, Nevada.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of the nature of Defendant's attempt to collect on a purported defaulted medical debt ("subject debt") said to be owed by Plaintiff.

8. Sometime after Plaintiff defaulted on the subject debt, the subject debt was charged off and placed with Defendant for collection purposes.

9. On or about December 15, 2021, Defendant sent or caused to be sent a collection letter attempting to collect the subject debt from Plaintiff.

10. This letter was the first communication Plaintiff received from Defendant in connection with its efforts to collect upon the subject debt.

11. Defendant's letter was titled as a "60-Day Notification Letter."

---

[1] https://www.aargon.com/

12. The letter provided that, during this 60-day period, Defendant would take no action to collect the debt

13. The letter further provided that "[t]his notification is not intended to be a communication under the [FDCPA]" and that the letter was not a demand for payment.

14. However, the collection similarly states that "this communication is from a debt collector. This is an attempt to collect a debt; any information obtained will be used for that purpose."

15. The letter further directs individuals to the back of the letter for "important consumer information."

16. On the back of the collection letter, Defendant provided Plaintiff with the disclosures required under 15 U.S.C. § 1692g(a), which outlines Plaintiff's dispute and validation rights during the 30-day period beginning from his receipt of Defendant's letter.

17. Defendant's letter did not clarify how this 30-day period interacted with Plaintiff's 60-day period previously discussed in Defendant's letter.

18. Upon information and belief, Nevada statutes and courts have clarified that a consumer's 30-day validation period under the FDCPA kicks in *after* the 60-day period outlined under Nevada law.

19. As such, Defendant's collection letter deceptively and misleadingly suggested to Plaintiff this his dispute and validation rights under the FDCPA ran simultaneously with the 60-day period under Nevada law.

20. Plaintiff's dispute and validation rights were thus overshadowed and contradicted by the 60-day period referenced in Defendant's letter, as such language and notification suggested to Plaintiff that he could wait 60-days from receiving the letter before any action on his part was necessary or being requested.

21. Plaintiff forewent his otherwise available dispute and validation rights under the FDCPA as a result of Defendant's confusing and conflicting information regarding the various time periods applicable and what would be occurring during those different periods.

22. Furthermore, Defendant's collection letter advises that "[a]s of the date of this letter the Total Balance is listed on the front of this letter. This amount may vary due to payments and/or the accrual of interest. Because of interest that may vary from day to day the amount due on the day you pay may be greater."

23. On the front of the collection letter, the subject debt is listed with a "Principal Amount" of $10,960.20, "Total Interest" in the amount of $0.00, for a "Total Balance" of $10,935.20.

24. However, upon information and belief, any interest that would be accruing on the subject debt would have accrued prior to Defendant sending the collection letter.

25. As such, for Defendant's statement that interest may be varying day to day to be true, such variable nature of the debt would have resulted in some interest, which should have been itemized by Defendant.

26. However, Defendant's itemization of interest as "$0.00" illustrates that, contrary to Defendant's representations, no interest was accruing, nor would interest continue to accrue.

27. As such, Defendant deceptively represented the variable nature of the subject debt in order to trick Plaintiff into believing that interest may accrue hoping that such deceptive representations would compel Plaintiff to address the debt early, before any interest purportedly accrued.

28. Alternatively, if interest was in fact being sought in connection with the subject debt, Defendant's collection letter deceptively suggested to Plaintiff that it was seeking entirely principal.

29. Plaintiff's ability to chart an intelligent course of conduct in response to Defendant's collection efforts, including whether and how to prioritize this debt, were materially inhibited by Defendant's confusing, deceptive, and inconsistent representations.

30.  Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to, lost time attempting to make sense of Defendant's representations, distress stemming from his inability to chart an intelligent response to Defendant's collection efforts given Defendant's violations of law, detrimental reliance on Defendant's conduct through his inadvertent waiver of statutorily available rights under the FDCPA, as a well as violations of his federally protected interests to be free from harassing, deceptive, and misleading debt collection communications.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692e**

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

38. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the amount of the subject debt to Plaintiff in its collection letter. Although Defendant's letter is seeking to collect a total balance represented as being entirely principal, Defendant's collection letter similarly suggests that the subject debt is variable and thus would be comprised of some accrued interest additional to principal, rendering Defendant's suggestion that it was collecting entirely principal deceptive and misleading. The FDCPA and Regulation F is demonstrably clear about what information must be provided to consumers, including itemizations of interest, and Defendant's failure to provide the extent of required information or otherwise remove internal inconsistencies illustrates the deceptive and misleading nature of Defendant's conduct.

39. Alternatively, in the event the subject debt's balance was not comprised of charges additional to principal and was not variable, then Defendant violated §§ 1692e, e(2), and e(10) by falsely and deceptively suggesting that "interest" may vary day to day. If the balance represented in the collection letter did not include any such other charges or interest, it stands to reason such interest would not have been added thereafter. As such, Defendant's statement that such interest may result in the increase of the balance of the subject debt was false, deceptive, and misleading, as such interest would not have resulted in the balance of the subject debt increasing. Defendant cannot immunize itself from liability by blindly copying and pasting certain safe harbor language for collecting on variable debts when such debts are not variable in the manner suggested by such safe harbor language.

40. Furthermore, Defendant violated §§ 1692e, e(2), and e(10) through its confusing and conflicting representations regarding the 60-day period under Nevada law, during which no action was required by Plaintiff, and the 30-day validation period under the FDCPA which required Plaintiff's affirmative action. Plaintiff believed he did not need to take any action until after 60-

days of receiving Defendant's letter; however, the letter suggested that such assumption would result in the 30-day validation period having lapsed. As such, Plaintiff detrimentally relied on Defendant's letter in a manner that resulted in his unwitting waiver of statutorily available rights under the FDCPA.

41. Additionally, Defendant violated §§ 1692e and e(10) when it deceptively suggested that its letter was not intended to be a communication under the FDCPA. However, as clarified by case law and Regulation F, Defendant's collection letter contained all of the requisite information which renders it a communication under the FDCPA, illustrating that it was in fact a communication, notwithstanding Defendant's suggestion to the contrary. Defendant's deceptive and misleading representations regarding the FDCPA and the communicative nature of its correspondence contributed the waiver of rights Plaintiff suffered as a result of Defendant's conduct.

### b. Violations of FDCPA § 1692g and 12 C.F.R. 1006.34

42. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), outlines various pieces of information that debt collectors must include in their initial communications with consumers. Regulation F, effective as of November 30, 2021, supplements § 1692g(a) with more explicit and detailed information that debt collectors *must* include in their *initial* communications in order to comply with the FDCPA and Regulation F. *See* 12 C.F.R. § 1006.34(c). Such information includes "the itemization date", § 1006.34(c)(vi), "the amount of the debt on the itemization date", § 1006.34(vii), and "an itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date." The "itemization date" required to be provided to consumers is one of 5 points in time: (1) the last statement date for a statement provided by the creditor, (2) the charge-off date, (3) the last payment date, (4) the transaction date, or (5) the judgment date. 12 C.F.R. § 1006.34(b)(3). Furthermore, Regulation F requires that the information provided in the initial

communication be "clear and conspicuous" which means "readily understandable." 12 C.F.R. § 1006.34(b)(3).

43. Defendant violated § 1692g(a)(1) and 12 C.F.R. § 1006.34 through its failure to follow the relevant regulations regarding providing consumers an accurate and detailed description of the amount of a debt serving as the basis of its collection efforts. Although the collection letter provides an itemization, the only date provided in the letter is the date Plaintiff received the services creating the debt as well as the date the letter was sent. However, these dates do not represent one of the 5 required dates to provide an itemization. Had Defendant been cognizant of the regulations and used one of the required dates for its itemization, it would have determined the date of the itemization, which would have then allowed it to fill in further information about the amount of interest that may have accrued prior to Defendant's sending of the collection letter. Instead, Defendant's collection letter seemingly impermissibly lumps the debt into a single balance on a completely random date, thus illustrating its failure to comply with the FDCPA and Regulation F. The internal inconsistencies in Defendant's letter further render it impermissibly unclear. Despite the clear availability of model letters designed to ensure compliance with the new regulations, Defendant's collection letter fails to consider the extent of information now-required to be provided consumers. As pled above, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

44. Furthermore, § 1692g(b) provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

45. Defendant violated § 1692g(b) through its overshadowing and provision of information inconsistent with Plaintiff's dispute and validation rights under the FDCPA. Defendant's allusions to the 60-day period, in conjunction with its provision of the 1692g disclosure in the same

communication without clarifying when such 30-day period actually started, resulted in Defendant engaging in communicating information inconsistent with Plaintiff's 30-day validation rights under the FDCPA.

WHEREFORE, Plaintiff, BARRY L. BANDUCCI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: April 13, 2022                    Respectfully submitted,

/s/ Nicholas M. Wajda
Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*